Opinion issued on June 10, 2004.








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01271-CR




KENNETH MICHAEL HEADLEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 918022




MEMORANDUM OPINION
          A jury found appellant, Kenneth Michael Headley, guilty of murder. After
finding an enhancement paragraph true, the jury assessed punishment at confinement
for life and a $10,000 fine. In 11 points of error, appellant contends that the trial
court erred (1) in refusing to allow him to cross-examine a witness concerning her
drug use, (2) in denying questions regarding a witness’s bias, (3) in admitting
hearsay, (4) in refusing to conduct a hearing on appellant’s motion to suppress, and
(5) in overruling appellant’s objection to prosecutorial misconduct. We affirm.
Background
          On October 4, 2001, Rebecca Broussard and the complainant, Gerald Dupree,
were waiting for a bus when Broussard decided to go to a nearby convenience store
and buy beer. When she returned, Broussard noticed that Dupree’s demeanor had
changed from acting “happy and smiling” to being “nervous,” “afraid,” and “drooping
his head.” Dupree told her that, while she was at the store, he saw appellant, whom
he feared. Dupree was very nervous and said that appellant planned to return to pick
him up. Broussard suggested that they take a cab, but Dupree refused and said, “No, 
[appellant will] be right back. It’s okay. We talked, it’s okay.”
          Appellant returned and picked up Dupree and Broussard. Dupree sat in the
front passenger seat while Broussard sat in the back seat. While driving, appellant
said, “You know you owe me,” and Dupree replied, “Yes.” Dupree told appellant that
he would find a way to pay him back and asked appellant if he could make it up to
him. Appellant appeared angry and said that he had some “weed” that Dupree could
sell for him. 
          Appellant stopped suddenly and told Dupree to “Get [his] fucking ass out.”
When Dupree stepped out of the car, appellant shot him twice. Dupree attempted to
run but, after a few steps, he fell. Appellant then drove off, with Broussard still in the
back seat, turned around, returned to Dupree, and shot him again as Dupree attempted
to get up.  
          After the shooting, Broussard was screaming and hysterical. Appellant told her
to be quiet and drove with her for a few blocks. Appellant then told her to get out, 
and, she returned to where Dupree lay shot. Broussard told Houston Police
Department Officer Connie Parks her account of the shooting and later gave a
statement to the police. Broussard picked appellant out from a videotaped lineup. 
Appellant was subsequently arrested and charged with Dupree’s murder.
Improper Admission/ Exclusion of Evidence
Broussard’s Drug Use
          In his first and second points of error, appellant contends that, in violation of
the Sixth Amendment of the United States Constitution and article one, section 10 of
the Texas Constitution,


 the trial court abused its discretion in refusing to allow him
to cross-examine Broussard concerning her drug use.
          We review the trial court’s limitation of cross-examination for an abuse of
discretion. See Matchett v. State, 941 S.W.2d 922, 940 (Tex. Crim. App. 1996); 
Knox v. State, 31 S.W.3d 700, 702 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
A trial court may limit the scope of cross-examination to prevent harassment,
prejudice, confusion of the issues, harm to the witness, and repetitive or marginally
relevant interrogation. Carroll v. State, 916 S.W.2d 494, 498 (Tex. Crim. App.
1996). 
          To preserve error for the exclusion of evidence, a party must make a sufficient
offer of proof and obtain a ruling. See Tex. R. App. P. 33.1(a)(1)(A), (B); Tex. R.
Evid. 103(a)(2), (b). The proponent’s burden is to ensure that “the substance of the
evidence was made known to the court by offer, or was apparent from the context
within which questions were asked.” Tex. R. Evid. 103(a)(2). An offer of proof
must be made to show that the excluded evidence is relevant and admissible. See
Warner v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).
          Appellant argues that the court erred by sustaining the State’s objections to
testimony about Broussard’s drug use, and that the jury should have been permitted
to learn about Broussard’s drug use to evaluate her credibility. We disagree.
          Appellant complains of the following exchange that took place during
appellant’s counsel’s cross-examination of Broussard:
Q. Now, at the time of this offense had you been using drugs during
that period of time?
 
A. After that, after the shooting incident.
 
Q. Had you used any drugs at any period of time before that?
 
A. Several years before.
 
Q. Years before. What kind was that?
 
[State]: Objection to the relevancy of years before this incident.
 
The Court: That would be sustained.
 
Q. So after this incident you claim that you then started using drugs;
is that correct?
 
A. Yes, sir.
 
Q. What kind of drugs did you start using, ma’am?
 
A. Cocaine. 
 
[State]: Same objection to the relevancy.
 
The Court: That will be sustained.
 
[Appellant]: Goes to credibility, Your Honor.
 
The Court: That will be overruled.
 
Q. Were you high on drugs when you were arrested?
 
A. Yes, sir.
 
Q. Were you addicted to drugs when you were arrested?
 
[State]: Objection, relevancy.
 
The Court: That will be sustained.
 
Q. Were you using drugs the whole time you were hiding out from
the Harris County District Attorneys Office?
 
[State]: Same objection.
 
The Court: And that will be sustained. 
          Appellant did not make any offer of proof. The trial court’s ruling on the drug
use question came after Broussard answered, and the testimony was already entered
into evidence. The trial court was not asked to strike the testimony from the record.
           Appellant waived any complaint regarding the above exchange because he
failed to make an offer of proof to show the substance of any excluded evidence. See
Tex. R. Evid. 103(a)(2); Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim. App. 2000). 
Accordingly, nothing was preserved for appellate review. See Tex. R. App. P.
33.1(a). Furthermore, appellant cannot complain of the court’s ruling regarding
Broussaud’s testimony that was already into evidence where the court did not strike
the evidence after its ruling. See Rodriguez v. State, 903 S.W.2d 405, 410 (Tex.
App.—Texarkana 1995, pet. ref’d) (“Where an objection is made and sustained, but
no motion is made to strike the answer or to instruct the jury not to consider, the
testimony is before the jury for whatever it is worth.”). 
          We overrule appellant’s first and second points of error. 
Bias
          In his third and fourth points of error, appellant contends that, in violation of
the Sixth Amendment of the United States Constitution and article one, section 10 of
the Texas Constitution, the trial court abused its discretion in refusing to allow
appellant to cross-examine Broussard regarding her “fear or favor growing out of her
detention by the State.”
          While great latitude should be allowed in cross-examining witnesses to reveal
possible bias, prejudice, or self-interested motives to falsify testimony, appellant
bears the burden of demonstrating the relevance of the proffered evidence to the issue
of bias or prejudice. Chambers v. State, 866 S.W.2d 9, 26–27 (Tex. Crim. App.
1993). 
          Appellant argues that he should have been given greater latitude in conducting
his cross-examination of Broussard to “develop and elicit all manner of bias she had
as a result of her prolonged detention with the State.” We disagree. 
          Appellant contends that, during the following cross-examination, the trial court
improperly prohibited further inquiry surrounding Broussard’s incarceration: 
Q. When were you arrested? How long have you been in jail
pending this, this trial?
 
A. Five months.
 
. . . .
 
Q. Okay. When you would go [sic] to court is the problem. You’re
not going to court until after you get through testifying in this
case, are you?
 
A. I’ve been called, but reset several times.
 
Q. Several times. And one of the reasons you were reset was
because this case was reset, wasn’t it?
 
[State]: That’s going to be speculation, Judge, on her part.

          [Defense Counsel]: Not if she knows.
 
          The Court:   Wait a minute, counsel, she may testify if she knows.
 
Q. One of the reasons your case in the 180th was reset was because
this case in 228th was reset, is that not correct? 
 
A. I don’t know.
 
. . . .
 
Q. And is it not—is it true that you’re angry with [the former
prosecutor in the case] for keeping you in jail while this case is
pending?
 
A. No.
 
Q. No? You’ve always been happy with him?
 
[State]: Objection to the relevancy.
 
The Court: That will be sustained. 
          Appellant argues that he should have been given greater latitude in conducting
his cross-examination of Broussard “to develop and elicit all manner of bias she had
resulting from her prolonged detention at the hands of the State.” 
          Appellant waived any complaint regarding the above exchange because he
again failed to make an offer of proof showing the substance of any excluded
evidence. See Tex. R. Evid. 103(a)(2); Guidry, 9 S.W.3d at 153. Accordingly,
nothing was preserved for appellate review. See Tex. R. App. P. 33.1(a). 
          We overrule appellant’s third and fourth points of error.
 
 
Hearsay
          In his fifth, sixth, ninth, and tenth points of error, appellant contends that, in
violation of the Sixth Amendment of the United States Constitution and article one,
section 10 of the Texas Constitution, the trial court erred in admitting hearsay
testimony from Broussard and Officer Parks. 
          We review the trial court’s ruling on the admissibility of evidence under an
abuse of discretion standard. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim.
App. 2000). The improper admission of evidence does not constitute reversible error
if the same facts are proved by other properly admitted evidence. See Brooks v. State,
990 S.W.2d 278, 287 (Tex. Crim. App. 1999)         
          Broussard
          Appellant specifically contends that the trial court erred when, over a hearsay
objection, it allowed Broussard to testify about remarks made by Dupree to
Broussard, regarding Dupree’s relationship with and fear of appellant.


 Appellant
argues that the trial court abused its discretion in finding that the remarks were
“excited utterances” because there was some evidence showing that Dupree was not
afraid of appellant. 
           Broussard testified that, after she returned to the bus stop with the beer, 
Dupree’s demeanor had changed from acting “happy and smiling” to being “scared,”
“nervous,” and “drooping his head.” She further testified, “He’s totally different, his
whole countenance had changed. His head was dropped and he was just different,
totally different.” Broussard also testified that Dupree appeared nervous when he 
spoke with her about (1) seeing appellant at the bus stop, (2) his prior relationship
with appellant, (3) why Dupree was afraid of appellant, and (4) where appellant had
gone. Broussard also testified that Dupree appeared “very nervous and afraid” about
the prospect of appellant returning to the bus stop. After hearing this testimony, the
trial court overruled appellant’s hearsay objection to Broussard’s testimony 
          Admission of hearsay evidence against a criminal defendant implicates the
Confrontation Clause of the Unites States and Texas Constitutions because the
defendant is not afforded an opportunity to confront the out-of-court declarant. U.S.
Const. amend. VI; Tex. Const. art. I, § 10; see also Simpson v. State, 119 S.W.3d
262, 269 (Tex. Crim. App. 2003). Hearsay is a statement offered in evidence to prove
the truth of the matter asserted. Tex. R. Evid. 801(d). Hearsay is not admissible
except as provided for in one of the hearsay exceptions. Tex. R. Evid. 802. 
           An excited utterance, which is a statement relating to a startling event or
condition made while the declarant was under the stress of excitement caused by the
event or condition, is not excluded by the hearsay rule. Tex. R. Evid. 803(2). The
basis for the excited utterance exception is a psychological one, namely, the fact that
when a person is in the instant grip of violent emotion, excitement or pain, he
ordinarily loses the capacity for reflection necessary to the fabrication of a falsehood
and the truth will come out. Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App.
2003). The critical factor in determining whether an exclamation is an excited
utterance is whether the declarant was still dominated by the emotions arising from
the exciting event or condition at the time of the statement. Id. at 596. Stated
differently, we must determine whether the statement was made under circumstances
as would reasonably show that it resulted from impulse rather than reason and
reflection. Id. The length of time between the incident and the utterance and whether
the utterance was made in response to questioning are only factors in the
determination of whether a statement was an excited utterance and are not necessarily
dispositive. Id. at 595–96.
          We hold that the trial court did not abuse its discretion in concluding that, at
the time of the conversation between Dupree and Broussard, Dupree was under the
influence of a startling event. Accordingly, the trial court did not abuse its discretion
because the majority of the complained-of testimony fell under the excited utterance
exception. See id. 
 
 
          However, the trial court erred in allowing the following testimony:



Q. But besides meeting before did [Dupree] tell you he had done
something wrong?
 
          A.      Yes.
 
          Q.      What did he tell you he had done?
 
          A.      He mentioned that he had killed someone before. 

          Such testimony falls outside the scope of an excited utterance because it refers
to a previous event apart from the startling event. Thus, the court erred when it
overruled appellant’s hearsay objection to the testimony regarding a murder Dupree
committed.  
          Improper admission of hearsay evidence is non-constitutional error. See
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Therefore, if the
error did not affect appellant’s substantial rights, it must be disregarded. See Tex. R.
App. P. 44.2. A substantial right is affected if the error had a substantial or injurious
effect on the jury’s verdict. Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App.
2000). The reviewing court must consider the entire record, the nature of the
evidence supporting the verdict, the character of the alleged error, and how the
alleged error might be considered in connection with other evidence in the case. Id.
A criminal conviction should not be overturned for non-constitutional error if the
appellate court, after examining the record as a whole, has fair assurance that the error
did not influence the jury, or had but a slight effect. Johnson, 967 S.W.2d at 417. 
          Viewing the record as a whole, there was no other evidence or argument
specifically referring to the complained-of testimony. Further, given the strong
evidence concerning appellant’s role in Dupree’s murder, we conclude that the
complained-of testimony did not contribute to appellant’s conviction or punishment. 
In light of both guilt/innocence and punishment phase evidence before us, we hold
that appellant’s substantial rights were not violated by the trial court’s error. 
Accordingly, we hold that the trial court erred in allowing the testimony regarding a
murder Dupree allegedly committed, but the error was harmless.
           We overrule appellant’s fifth and sixth points of error.
          Officer Parks
           In his ninth and tenth points of error, appellant argues that the court erred in
allowing Parks to testify about statements made by Broussard concerning the events
surrounding the shooting. However, Broussard had testified earlier to the same facts. 
Any error in the admission of hearsay testimony is harmless in light of other
unobjected-to evidence proving the same fact. Brooks v. State, 990 S.W.2d 278, 287
(Tex. Crim. App. 1999).
          Appellant also argues that the trial court erred in allowing Parks to testify that
Broussard identified appellant from a videotaped lineup. However, Texas Rule of
Evidence 801(e)(1)(C) provides, “A statement is not hearsay if . . . [t]he declarant
testifies at the trial or hearing and is subject to cross-examination concerning the
statement, and the statement is: one of identification of a person made after
perceiving the person.” Tex. R. Evid. 801(e)(1)(C). Accordingly, such testimony
involving identification is not hearsay. See id.; Rodriguez v. State, 975 S.W.2d 667,
682 (Tex. App.— Texarkana 1998, pet. ref’d). 
          Appellant further argues that the trial court erred in allowing Parks to testify,
over his hearsay objections, that a witness told her (1) that appellant’s car did not
have a front license plate, (2) that appellant was the registered owner of the car, and
(3) that described appellant and his girlfriend. 
          Here, the complained-of testimony was not offered for the truth of the matter
asserted but to show how appellant became a suspect. See Dinkins v. State, 894
S.W.2d 330, 347–48 (Tex. Crim. App. 1995) (holding that appointment book and
patient application form containing defendant’s name were not inadmissible hearsay
because they were admitted to explain how defendant became a suspect); see also
Cano v. State, 3 S.W.3d 99, 110 (Tex. App.—Corpus Christi 1999, pet. ref’d)
(holding that an officer’s testimony regarding information about drugs being dealt
from the defendant’s residence was not hearsay because it was not offered to prove
that drugs were actually being dealt from the residence but to show why the
investigation focused on the defendant). Thus, the complained-of testimony was not
hearsay.
          We overrule appellant’s ninth and tenth points of error.
Motion to Suppress
          In his seventh and eighth points of error, appellant contends that, in violation
of the Sixth Amendment of the United States Constitution and article one, section 10
of the Texas Constitution, the trial court erred in refusing to hear his “motion to
suppress illegal identification.”
          In reviewing the trial court’s ruling on the motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts, while we conduct a de novo review of the trial court’s application of
the law to those facts. Id.
          Appellant filed a pre-trial motion entitled, “Motion to Suppress Illegal
Identification,” which objected to testimony of any witness against him “concerning
the purported identification of him.” The trial court did not rule on the motion but
directed that it be presented prior to any evidence of in-court identification. 
          After she made an in-court identification of appellant as the driver who shot
Dupree, the State asked Broussard if Officer Parks brought a videotape of some men
for her to view. Appellant’s trial counsel then said, “I have a motion with regard to
that, Your Honor,” without naming the motion or making any specific objection
concerning Broussard’s identification of appellant. The trial court replied,
“Overruled at this point.”
          On appeal, appellant argues that the trial court’s action in “summarily
overruling” his motion to suppress the illegal identification violated his due process
rights, and he should be granted a new trial. 
          To be timely, an objection must be raised at the earliest opportunity or as the
ground of objection becomes apparent. Penry v. State, 903 S.W.2d 715, 763 (Tex.
Crim. App. 1995). The complained-of testimony, Broussard’s identification of
appellant, had already been admitted without objection. Accordingly, appellant’s
motion was untimely. See id.
          We overrule appellant’s seventh and eighth points of error. 
Prosecutorial Misconduct
          In his eleventh point of error, appellant contends that the trial court erred in
failing to sustain “appellant’s objection to the prosecutor’s efforts at shifting the
burden of proof to appellant by making jury arguments commenting on the
appellant’s failure to testify.”
          The proper method of preserving error in cases of prosecutorial misconduct is
to (1) object on specific grounds, (2) request an instruction that the jury disregard the
comment, and (3) move for a mistrial. Penry, 903 S.W.2d at 764. To preserve error
for appeal, a complaining party must not only object but must also obtain an adverse
ruling on the record regarding his request, objection, or motion. Tex. R. App. P. 33.1;
Cienfuegos v. State, 113 S.W.3d 481, 488 (Tex. App.—Houston [1st Dist.] 2003, pet.
struck). 
          The law provides for, and presumes, a fair trial, free from improper argument
by the State. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). Proper
jury argument must encompass one of the following general areas: (1) a summation
of the evidence presented at trial; (2) a reasonable deduction drawn from that
evidence; (3) an answer to the opposing counsel’s argument; or (4) a plea for law
enforcement. Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999); Sandoval
v. State, 52 S.W.3d 851, 857 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). To
determine whether a party’s argument properly falls within one of these categories,
we must consider the argument in light of the entire record. Id. at 857. In most cases,
if error occurs, an instruction to disregard will cure any error committed. Shannon
v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). 
          During closing argument, the State said, “They could subpoena anybody in this
whole wide world to come before you and say ‘it wasn’t me, I was someplace else.’ 
They didn’t do that. There has been no one that the defense could have subpoenaed
to . . . ” and appellant’s trial counsel said, “Objection violates burden of proof, puts
the burden on the defendant to prove his innocence.” The trial court instructed the
jury by stating, “Ladies and gentlemen, you’ll take the evidence from the witness
stand, the witness stand alone.” 
          The State continued by saying, “My point is it’s just that if [Broussard] is so
wrong, a person could have been subpoenaed to court to support the defense’s
position.” Defense counsel responded, “Here’s my objection. This argument puts the
burden upon the defendant to prove his innocence your honor.” The trial court
instructed the jury by saying, “Ladies and gentlemen, the defendant does not have to
testify, he has no burden to prove.”
          Here, appellant failed to obtain an adverse ruling on his objections, did not
complain about the trial court’s instructions following his objections, and did not
move for a mistrial. Accordingly, appellant failed to preserve error on this issue. See
Tex. R. App. P. 33.1(a)
          We overrule appellant’s eleventh point of error.
Conclusion
          We affirm the judgment of the trial court. 
 

                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).