**Ray WILSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 2108CR.**

Court of Appeals of Texas, Corpus Christi.

April 22, 1982.

Douglas Tinker, Tinker, Dailey & Tor, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C. J., and BISSETT and GONZALEZ, JJ.

OPINION

BISSETT, Justice.

This is an appeal from a conviction for aggravated rape. Punishment was assessed at confinement for twenty years in the Texas Department of Corrections. The trial was before the court without a jury. The defendant does not challenge the sufficiency of the evidence. His sole contention in this appeal is that he should be granted a new trial because of "newly available" evidence.

The record reflects that Albert White, Dennis Ellison, and the defendant repeatedly raped and committed numerous acts of sodomy upon L____ J____. The defendant did not deny being with L____ J____ on the date of the offense, but denied participating in the rapes. To corroborate his testimony, the defendant called Albert White as a witness. White also had been charged with the rape of L____ J____ but had not been tried at the time he was called as a witness. White refused to testify, claiming the Fifth Amendment.

The defendant requested a continuance of his trial until after White was tried, but this request was denied. The defendant, following his conviction, filed a motion for new trial based in part on the trial court's refusal to continue the trial until after Albert White's trial. This motion was denied. After the defendant in the instant case perfected his appeal, Albert White was found guilty of the rape of L____ J____ and given a ten-year probated sentence.

The defendant raises four grounds of error, wherein he contends in all grounds that he should be granted a new trial because of "newly available" evidence, such evidence being the testimony of Albert White. We disagree. Newly discovered evidence will form the basis for a new trial *only if the record shows*: 1) that the evidence was unknown to the defendant before trial; 2) that the defendant's failure to discover it was not due to want of diligence on his part; 3) that its materiality was such as would probably bring about a different result on another trial; and 4) that it was competent, not merely cumulative, corroborative, collateral, or impeaching. *Ayers v. State*, 606 S.W.2d 936, 941 (Tex.Cr.App. 1980); *Van Byrd v. State*, 605 S.W.2d 265, 267 (Tex.Cr.App.1980); *Eddlemon v. State*, 591 S.W.2d 847, 849 (Tex.Cr.App.1979).

The defendant relies on *Whitmore v. State*, 570 S.W.2d 889 (Tex.Cr.App.1977, Opinion on Appellant's Motion for Rehearing) in support of his contention. In *Whitmore*, a death-penalty case, the defendant called his co-defendant as a witness. The co-defendant refused to testify, claiming the Fifth Amendment. The defendant was found guilty. Thereafter, the co-defendant was tried and acquitted. The defendant in *Whitmore* then filed a motion for new trial based on newly discovered evidence, such evidence being the testimony of the co-defendant, who no longer could invoke the Fifth Amendment. The trial court denied the motion. The Court of Criminal Appeals reversed, holding that although the testimony of the co-defendant was not "newly discovered" evidence, it was "newly available" evidence. *Id.* at 896. The Court held that since the defendant satisfied *all* of the requirements for a new trial based on newly discovered evidence, he was entitled to a new trial. *Id.* at 897–898.

Since *Whitmore*, the Court of Criminal Appeals has emphasized that a defendant is not entitled to a new trial merely because a co-defendant's testimony is "newly available." *See Van Byrd v. State*, 605 S.W.2d 265, 267 (Tex.Cr.App.1980); *Todd v. State*, 601 S.W.2d 718, 720 (Tex.Cr.App.1980); *Eddlemon v. State*, 591 S.W.2d 847, 849 (Tex.

Cr.App.1979). Thus, unless the defendant satisfies *all four requirements* for a new trial based on newly discovered or available evidence, he is not entitled to a new trial simply because a convicted co-defendant is ready, willing, and able to testify to facts, which, if believed by the jury, would exonerate the defendant.

In the instant case, the record does not indicate that *all* of the requirements for a new trial based on newly discovered evidence have been met. The record merely contains the assertion by the defendant's counsel, in his brief, that subsequent to the perfection of this appeal, Albert White was found guilty of raping L_____ J_____, and the statement of Albert White's attorney that the testimony of Albert White would exonerate the defendant. Without the substance of Albert White's testimony before us, we are unable to determine, as was the trial court, whether this testimony is admissible and not merely cumulative, corroborative, collateral, or impeaching; whether it is probably true; and whether it would probably bring about a different result on another trial. To the contrary, since the defendant testified and denied participating in the offense, the testimony of Albert White will probably be merely cumulative or corroborative of the defendant's testimony, and serve to impeach the testimony of L_____ J_____. Such newly discovered or newly available evidence is insufficient to warrant a new trial. *Ayers v. State*, supra at 941; *Van Byrd v. State*, supra at 267; *Eddlemon v. State*, supra at 849. We, therefore, hold that the defendant is not entitled to a new trial. The defendant's grounds of error are overruled.

The judgment of the trial court is AFFIRMED.