Antonio **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–94–00099–CR.

Court of Appeals of Texas, Texarkana.

June 14, 1995.

Order on Rehearing July 20, 1995.

 

OPINION

GRANT, Justice.

Antonio Rodriguez appeals from a conviction for aggravated sexual assault. He was found guilty by a jury and sentenced to life imprisonment.

Rodriguez makes the following contentions: (1) that he was denied the right to a fair trial, due process of law, and the right to present witnesses under the Sixth and Fourteenth Amendments to the United States Constitution; (2) that the trial court erred in warning the defendant's witness of her Fifth Amendment privilege; (3) that the trial court erred in overruling a motion for continuance for sixty days, which would have allowed Barbara Hipps to testify; (4) that the trial court erred in dismissing and excusing the witness Hipps rather than requiring her to testify in the presence of the jury; (5) that the trial court erred in excluding excited utterances made by Hipps at the time of her arrest; (6) that the trial court erred in excluding excited utterances made by Hipps after her arrest; (7) that the trial court erred in allowing a police officer to give opinion testimony concerning Hipps's statement; and (8) that the trial court erred in overruling Rodriguez's hearsay objection to Sergeant Rich's testimony.

Looking into an apartment through an open window, two witnesses saw Barbara Hipps performing sex with several men. They also saw one of these men, who they later identified as Rodriguez, forcing Hipps's six-year-old deaf child to perform oral sex.

By his first point of error, Rodriguez contends that he was denied the right to a fair trial, due process of law, and the right to present witnesses under the Sixth and Fourteenth Amendments to the United States Constitution. Rodriguez argues that he subpoenaed and wished to present testimony of Hipps, the mother of the victim, who had been present at the scene of the offense.

Shortly after the offense, Hipps wrote in a statement [1] to police:

> When I went in there I told him to stop and he told me shutup and I was scared.

Roy L. Merrill, Jr., Dallas, for appellant.

John C. Vance, Crim. Dist. Atty., Michael J. Sandlin, Asst. Dist. Atty., Dallas, for State.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

---

1.  This statement was introduced into evidence by the State.

He was making my daughter give him head. I told him to stop. I didnot (sic) want this to happen. I don't even know what his name is.

Rodriguez contends that Hipps was familiar with him and knew his name, and, therefore, Hipps's statement to police was proof that he was not involved.

Rodriguez attempted to call Hipps as a witness. Under oath, Hipps, out of the presence of the jury, explained that she had been subpoenaed by both sides, Rodriguez first, then the State. She agreed to testify for Rodriguez, but after consulting with an attorney appointed by the court, she decided not to testify, invoking her Fifth Amendment privilege.

■ Though Rodriguez has a Sixth Amendment right to compulsory process, that right does not override a potential witness's Fifth Amendment privilege against self-incrimination. *Grayson v. State,* 684 S.W.2d 691, 696 (Tex.Crim.App.1984); *Ellis v. State,* 683 S.W.2d 379 (Tex.Crim.App. 1984).

■ Rodriguez contends that the prosecutors prevented Hipps from testifying by threatening her with prosecution. Hipps first spoke with the prosecuting attorneys, then spoke with Rodriguez's attorney. She told Rodriguez's attorney that she would testify. Later in the day, she was brought into court where the judge spoke with her. The judge asked the prosecuting attorneys what the prosecutors intended to do with respect to her case. They stated that she was under investigation. At that time an attorney was appointed for Hipps. After consulting with her attorney, she stated that she would not testify and that she would invoke her Fifth Amendment right. We find no evidence in the record where the prosecutor threatened Hipps or told her not to testify. This point of error is overruled.

■ In his *second point of error,* Rodriguez contends that the trial court committed reversible error in the process of warning Hipps of her Fifth Amendment privilege. Before testifying, the trial court informed Hipps of her Fifth Amendment privilege against self-incrimination. The court, howev-

er, never told Hipps that the Fifth Amendment can only be used in good faith when there is in fact good reason to fear some incrimination. The trial court simply stated, "You have a right to invoke that privilege if you choose to and not answer any questions put to you by either side. Now you understand that?"

Rodriguez contends that it is error to incorrectly explain the Fifth Amendment to a witness, citing *Webb v. State,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972). The State notes that in that case, however, the United States Supreme Court indicated that the judge's lengthy and intimidating warning strongly suggested that the judge's comments were the cause of the witness's failure to testify. *Webb,* 409 U.S. at 97, 93 S.Ct. at 353. In the case at bar, however, the trial court simply explained that Hipps had the right to testify and also the right to invoke the Fifth Amendment privilege. Hipps was also advised by her attorney. This point of error is overruled.

■ By his third point of error, Rodriguez contends that the trial court erred in overruling a motion for a sixty-day continuance. Once Rodriguez learned of the State's investigation of Hipps, he made a motion for continuance so that "the State can complete their (sic) investigation of Witness BARBARA HIPPS and thus free her to testify for the Defendant."

■ The determination of whether to grant a motion for continuance lies within the sound discretion of the court and shall not be granted as a matter of right. *See* TEX.CODE CRIM.PROC.ANN. art. 29.06(6) (Vernon 1989). All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance. *See* TEX.CODE CRIM.PROC.ANN. art. 29.08 (Vernon 1989). Rodriguez's motion for continuance was not sworn. When a defendant's motion for continuance is not sworn by a person having personal knowledge of the facts relied on for the continuance, nothing is presented for review. *Montoya v. State,* 810 S.W.2d 160, 176 (Tex.Crim.App.1989), *cert. denied,* 502 U.S. 961, 112 S.Ct. 426, 116 L.Ed.2d 446

(1991). This point was, therefore, waived and presents no error.

■ By his fourth point of error, Rodriguez contends that the trial court erred in dismissing Hipps, rather than requiring her to testify because she had waived her Fifth Amendment privilege. After Hipps invoked the Fifth Amendment, the judge excused her.

Rodriguez argues that after being given written *Miranda*[2] warnings, which included the warning that any statement made could be used against her at trial, Hipps stated in writing that she was present in the room at the time a Mexican–American male committed the offense on her daughter. Further, Hipps answered questions as to her name and address after responding to the State's subpoena. She testified that she knew the defendant Antonio Rodriguez and knew him by the name of Tony. For these reasons, Rodriguez contends that Hipps waived her Fifth Amendment privilege.

The Fifth Amendment to the Constitution of the United States, extended to the states through the Fourteenth Amendment, provides that no person shall be compelled in any criminal case to be a witness against himself or herself. *See* U.S. CONST.AMENDS. IV & XIV. The Texas Constitution also provides that in criminal prosecutions the accused shall not be compelled to give evidence against himself or herself. *See* TEX. CONST. art. I, § 10. This provision is comparable in scope to the Fifth Amendment. *See* *Olson v. State*, 484 S.W.2d 756 (Tex.Crim. App.1969).

■ A criminal defendant's right not to give evidence against himself or herself is a waivable right if done knowingly, voluntarily, and intelligently. *Brown v. State*, 617 S.W.2d 234 (Tex.Crim.App.1981). Waiver of the privilege should be inferred from a witness's prior statements only if (1) the witness's prior statements have created a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth, and (2) the witness had reason to know that his prior statements would be interpreted as a waiver of the Fifth Amendment privilege against self-incrimina-

tion. *Klein v. Harris*, 667 F.2d 274, 287 (2d Cir.1981). In *Grayson*, the court applied the *Klein* standard and found that because the witness gave her testimony out of the presence of the jury, the finder of fact could not have been misled by her partial disclosure, and, therefore, she did not waive her privilege. *Grayson*, 684 S.W.2d at 695.

All the statements by Hipps were spoken or signed outside the presence of the fact finder, just as in *Grayson*. A voluntary written statement made to police on the day of the murder has been determined not to waive the Fifth Amendment privilege. *Saenz v. State*, 840 S.W.2d 96 (Tex.App.—El Paso 1992, pet. ref'd). In *Saenz*, the court stated that the issuance of such an out-of-court statement does not in and of itself constitute a waiver of the witness's right not to incriminate himself.

Hipps did not waive her Fifth Amendment privilege against self-incrimination. This point of error is overruled.

■ By his fifth point of error, Rodriguez contends that the trial court erred in excluding an excited utterance made by Hipps before her arrest. The determination of admissibility is within the sound discretion of the trial court, *Jackson v. State*, 575 S.W.2d 567, 570 (Tex.Crim.App. [Panel Op.] 1979), and will not be reversed on appeal unless a clear abuse of discretion is shown. *Werner v. State*, 711 S.W.2d 639, 643 (Tex.Crim.App. 1986); *Johnson v. State*, 698 S.W.2d 154, 160 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

Evidence of the first statement was testimony by a State's witness that stated "[w]hen Barbara came out of the door, she was yelling and screaming and talking loud and cursing. I don't know. I mean, she was just saying—nobody asked Barbara." The only hearsay apparent from this testimony was the statement "*nobody asked Barbara.*"

■ This statement was objected to by the State on the ground of hearsay. Though the court sustained this objection, the record does not reflect that the court instructed the jury to disregard this testimo-

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ny. Where an objection is made and sustained, but no motion is made to strike the answer or to instruct the jury not to consider, the testimony is before the jury for whatever it is worth.[3] Because this portion of the evidence was not excluded from the jury's consideration, Rodriguez was not damaged by the court's ruling.

■ If, on the other hand, Rodriguez's complaint concerns the exclusion of utterances that never came into evidence and do not appear in the record, that error is waived. If the court excludes evidence offered by the defendant, it is usually necessary to make an offer of proof to preserve any error in refusing to admit the evidence. *See* TEX.R.APP.P. 52(b); *Stewart v. State,* 686 S.W.2d 118, 122 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 866, 106 S.Ct. 190, 88 L.Ed.2d 159 (1985). However, no offer of proof is necessary *if* the substance of the evidence is apparent from the context of the questions asked. TEX.R.APP.P. 52(b); *Canto–Deport v. State,* 751 S.W.2d 698, 700 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd).

Rodriguez did not make a bill of exceptions as was required under this rule. The substance of this evidence is not apparent from the context within which the questions were asked. This point of error is overruled.

By his sixth point of error, Rodriguez contends that the trial court erred in excluding an excited utterance made by Hipps after her arrest. The State's witness testified, "He had her by her arm and he brought her downstairs. Barbara was still talking loud and cursing them and told them they could arrest her if that's what they wanted to do." The State objected to "anything Barbara said as being hearsay." Here, we face the same problem as that presented in the prior point of error. If Rodriguez is complaining about the statement that police could arrest Hipps if they wanted to, this evidence was not excluded. If Rodriguez is complaining about testimony which the defense was attempting to elicit from the witness, this point of error is waived because no bill of exceptions was

made to show what was excluded, and the substance of the evidence was not apparent from the context within which the questions were asked. This point of error is overruled.

■ Under his seventh point of error, Rodriguez contends that the trial court erred in allowing a police officer to give opinion testimony as to what Hipps was referring to in her written statement. Hipps's written statement was admitted, without objection, as defendant's exhibit 1, during the testimony of Sergeant Rich, who took the statement. At trial, the following exchange took place:

Q. Do you have an opinion as to who Barbara was referring to when she gave that statement?

A. She knew it was the gentleman that was arrested with her.

Q. Meaning Antonio Rodriguez?"

A. That's correct.

■ Rodriguez contends that this opinion evidence was inadmissible under Texas Rule of Criminal Evidence 701. This rule reads:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

TEX.R.CRIM.EVID. 701. As a general rule, the opinion of a witness is not admissible to interpret the meaning of the acts, conduct, or language of another. *Witty v. State,* 150 Tex.Crim. 555, 203 S.W.2d 212 (1947).

The State contends, however, that Rodriguez failed to preserve error. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. TEX. R.APP.P. 52(a). Here, although an objection was made to an earlier question and sus-

---

**3.** It was so held in *Prudential Insurance Co. of America v. Uribe,* 595 S.W.2d 554 (Tex.Civ.App.— San Antonio 1979, writ ref'd n.r.e.); *Southwest Title Insurance Co. v. Northland Building Corp.,* 542 S.W.2d 436 (Tex.Civ.App.—Fort Worth 1976), *aff'd in part, rev'd in part,* 552 S.W.2d 425 (Tex.1977).

tained, the prosecutor reworded the question, and no objection was made. This point of error was waived.

■ By his eighth point of error, Rodriguez contends that the trial court erred in overruling his hearsay objection to Sergeant Rich's testimony. At trial, the State asked, "And during the course of your questioning of her, did she ever say, you've got the wrong man?" At this point, Rodriguez's trial counsel stated, "I'm going to object to any hearsay testimony."

The State contends that counsel made only a general hearsay objection, which preserved no error. The State directs our attention to several cases which hold that a general objection of hearsay preserves nothing for review. *Jones v. State*, 843 S.W.2d 92, 98 (Tex.App.—Dallas 1992, pet. ref'd); *Miranda v. State*, 813 S.W.2d 724, 737 (Tex.App.—San Antonio 1991, pet. ref'd); *Martinez v. State*, 732 S.W.2d 401, 403 (Tex.App.—Houston [14th Dist.] 1987, no pet.). Under the facts of those cases, a general hearsay objection may not have adequately apprised the trial court of the party's objection. A general objection is one made without specifying the grounds for the objection. In cases in which counsel asks or the witness volunteers what someone else said, it is difficult to fathom that a hearsay objection would not be specific enough to point out to the judge, opposing counsel, and all those present the exact basis of the complaint. *See Long v. State*, 800 S.W.2d 545, 548 (Tex.Crim.App.1990).

Rule 103(a)(1) of the Rules of Criminal Evidence provides that a timely and specific objection must have been made "if the specific ground was not apparent from the context." In the present case, the question on its face asks about an out-of-court statement made by Hipps, and the objection was sufficient to inform the trial court of the basis of the objection.

■ The question in the present case, however, is not designed to ask about a statement actually made, but the question seeks testimony that Hipps did not make

such a statement.[4] This failure to speak was offered by the State as a basis for an inference that conditions were such that would evoke speech in a reasonable person. In *Jennings v. State*, the Fort Worth Court of Appeals, without discussion, found that a person's silence as to a crime would be hearsay if offered for the purpose of proving he did not commit the offense. 748 S.W.2d 606, 608 (Tex.App.—Fort Worth 1988, pet. ref'd).

Texas Rule of Criminal Evidence 801(d) defines hearsay as a *statement*, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Texas Rule of Criminal Evidence 801(a) includes nonverbal conduct of a person within the definition of *statement* if the conduct was intended by him or her as a substitute for verbal expression.

The record does not show, and we cannot assume from the context, that Hipps's failure to state that the police had the wrong man was intended as a substitute for verbal expression. Therefore, it does not constitute a statement as defined by Tex.R.Crim.Evid. 801. Thus, the trial judge did not err in overruling the hearsay objection. This point of error is overruled.

The judgment of the trial court is affirmed.

## ON REHEARING

By his first point on rehearing, Rodriguez contends his counsel's failure to file a motion for continuance which was sworn to did not waive error on that issue. Rodriguez directs this Court's attention to two cases where intermediate appellate courts found that, though the general rule is a motion for continuance must be in writing and sworn to by a person having personal knowledge of the facts relied upon for the continuance, this rule is not absolute. *Petrick v. State*, 832 S.W.2d 767, 771 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *O'Rarden v. State*, 777 S.W.2d 455, 459 (Tex.App.—Dallas 1989, pet. ref'd). When circumstances surrounding the trial court's denial of an oral motion for

---

4. There are few Texas cases on this point. In *Latham v. Houston Land & Trust Co.*, several witnesses were allowed to testify that a trust fund was never discussed by the deceased. 62 S.W.2d 519, 522 (Tex.Civ.App.—Galveston 1933, writ dism'd).

continuance amount to a denial of the rudiments of due process, such denial is subject to appellate review. *Petrick*, 832 S.W.2d at 770; *O'Rarden*, 777 S.W.2d at 459. Both of the cases cited by Rodriguez rely on *Darty v. State*, where the court found that a motion which is not reduced to writing and sworn to was not a statutory one and was therefore addressed only to the equitable powers of the court. 149 Tex.Crim. 256, 193 S.W.2d 195 (1946).

█ The court in the *Darty* case suggests that any written motion is a statutory motion, but one orally made does not have to follow the statutory guidelines. We find no recent case in which the Court of Criminal Appeals has attempted to follow this formula. The Court of Criminal Appeals has laid down a long line of cases confirming Article 29.08 of the Code of Criminal Procedure that all motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance.[5] (See notes of decisions under TEX.CODE CRIM. PROC.ANN. art. 29.08 (Vernon 1989)).

█ Rodriguez cites the Court of Criminal Appeals in *Whitmore v. State* for the broad proposition that when an accused's constitutional rights are in conflict with a valid procedural rule of law, the procedural rule must yield to the superior constitutional right. 570 S.W.2d 889 (Tex.Crim.App.1976). The *Whitmore* case does not involve a motion for continuance. In the *Whitmore* case, a witness was unavailable during the time for the motion for new trial to be filed.[6] The unavailability of the witness was based upon this witness taking the Fifth Amendment rights during the time frame in which the accused could have moved for a new trial. The witness later became available to testify, and Whitmore made an out-of-time motion for new trial on this basis. This was the situation in which the procedural time table kept Whitmore from being able to secure this witness. In the present case, there is no showing that the trial court would not give Rodriguez an opportunity to have the motion sworn to. Thus, there was no clash between the requirement that the continuance be sworn to and Rodriguez's constitutional rights. He had an opportunity to preserve any rights that he may have had for a continuance by following the procedural requirements, but did not do so. Until such time as the Court of Criminal Appeals or the Texas Legislature changes the requirement, this procedure must be met.

█ By his second point on rehearing, Rodriguez argues this Court erred in finding there was no evidence the prosecutor threatened Hipps or told her not to testify. Rodriguez directs this Court's attention to a statement in the record by Manuel Almaguer, the defense attorney who stated, "Well, as I understand, the State has got her under investigation and told her to plead the Fifth as far as our facts are concerned with respect to our client." Almaguer, however, was not testifying under oath at the time. Statements of counsel not under oath do not constitute evidence. *Delgado v. State*, 544 S.W.2d 929 (Tex.Crim.App.1977).

5. The purpose of requiring a sworn motion is to give credibility to the basis for the continuance. This would seem unnecessary when a matter is fully before the trial court. In this situation, the trial court would not need sworn pleadings to support the motion, but could consider testimony and support of the motion or the facts already before the court. A mandatory rule that all continuances must be in writing is a harsh requirement on parties in trial at the time the matter arising for which the continuance is sought. To have an opportunity to place the motion in writing and have it sworn to would sometimes require a delay of the trial until that matter could be completed, and the trial could often be expedited by allowing this motion to be oral and recorded by a court reporter.

6. Since *Whitmore*, the Court of Criminal Appeals has emphasized that a defendant is not entitled to a new trial merely because a co-defendant's testimony is "newly available." *See Van Byrd v. State*, 605 S.W.2d 265, 267 (Tex.Cr.App. 1980); *Todd v. State*, 601 S.W.2d 718, 720 (Tex.Cr.App.1980); *Eddlemon v. State*, 591 S.W.2d 847, 849 (Tex.Cr.App.1979). Thus, unless the defendant satisfies *all four requirements* for a new trial based on newly discovered or available evidence, he is not entitled to a new trial simply because a convicted co-defendant is ready, willing, and able to testify to facts, which, if believed by the jury, would exonerate the defendant. *Wilson v. State*, 633 S.W.2d 351 (Tex.App.—Corpus Christi 1982, pet. ref'd).

We find, therefore, there is no evidence the prosecution intentionally intimidated Hipps into not testifying. This point of error remains overruled.