11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Dan Dwayne Taggart

Appellant

Vs.                   No.  11-01-00285-CR C
Appeal from Taylor County

State of Texas

Appellee

 

The jury convicted appellant of failure to
identify and assessed his punishment at 179 days confinement and a fine of
$1,999.[1]  We modify and affirm.

In his sole point of error, appellant argues that
the trial court erred in denying his motion for an instructed verdict.  A challenge to the ruling on a motion for
instructed verdict is in actuality a challenge to the legal sufficiency of the
evidence to support the conviction.  
Madden v. State, 799 S.W.2d 683, 686 (Tex.Cr.App.1990), cert. den=d, 499 U.S. 954
(1991).  In reviewing claims of legal
sufficiency, this court follows the standard set out in Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000); and
Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).  We must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.   








Officer Patrick Perez with the Abilene Police
Department testified that, on March 8, 2000, at approximately 11:40 p.m., he
stopped a vehicle in which appellant was a passenger.  Officer Perez contacted the driver of the vehicle and then went
to contact appellant.  Officer Perez
testified that he asked appellant for some identification and that appellant
gave him a Social Security card with the name APaul
Nance@ and indicated
that he was Paul Nance.  Officer Perez
asked appellant for identification with a picture on it.  Appellant looked through his wallet, and
Officer Perez noticed a driver=s
license renewal form with the name AJohn
Martinez.@  Appellant then told Officer Perez that he
was John Martinez.  Officer Perez asked
appellant to continue looking for identification with a picture, and appellant
found identification with his correct name and photograph.  However, appellant told Officer Perez that
he was not Dan Taggart.  Officer Perez
also testified that appellant indicated that he was Ricky Lynn Johnson.

Officer Perez testified that he returned to his
patrol car to call for backup and to run a driver=s
license check.  Officer Perez stated
that, as he was running the driver=s
license check, he saw appellant get out of the car and run.  Officer Perez got out of his patrol car, ran
after appellant, and  yelled for
appellant to stop.  Officer Perez caught
appellant and placed him in handcuffs. 
Officer Perez testified that he asked appellant why he ran and that
appellant responded that Ahe
had warrants.@  Officer Perez then asked appellant his real
name, and appellant told him that he was Dan Taggart.  

A person commits the offense of failure to
identify if he Aintentionally
gives a false or fictitious name, residence address, or date of birth@ to a peace officer who has
lawfully arrested or detained the person. 
TEX. PENAL CODE ANN. '
38.02(b) (Vernon 1994).  The offense is
a Class B misdemeanor if it is shown at trial that the defendant was a fugitive
from justice at the time of the offense. 
TEX. PENAL CODE ANN. '
38.02(d) (Vernon 1994).  A fugitive from
justice means Aa
person for whom a valid arrest warrant has been issued.@  TEX.
PENAL CODE ANN. '
38.01(5) (Vernon Supp. 2002).  Appellant
specifically argues that the State did not produce any evidence of a valid
arrest warrant to support a finding that he was a fugitive from justice.








The State did not introduce the warrant into
evidence; however, Officer Perez testified that appellant told him that there
were outstanding warrants against him. 
Officer Perez also testified that he ran a check on appellant=s driver=s license information and
that he was aware of the warrants before appellant told him about them.  Officer Perez testified that he validated
the warrants with the dispatcher after the warrants Acame up@
on his computer screen.  Appellant=s objection to Officer
Perez=s testimony
about information received from the dispatcher was sustained; however,
appellant did not request an instruction for the jury to disregard the
testimony.  When an objection is made
and sustained but no motion is made to strike the answer or to instruct the
jury to disregard the statement, the testimony is before the jury and part of
the record.  See Rodriguez v. State, 903
S.W.2d 405, 409-10 (Tex.App. - Texarkana 1995, pet=n ref=d).  We find that a rational jury could have
found that appellant committed the offense of failure to identify while a
fugitive from justice.  Appellant=s sole point of error is
overruled.

The judgment of the trial court is modified to
reflect that the jury convicted appellant of both evading detention and failure
to identify and assessed punishment at confinement in jail for 179 days and a
$1,999 fine for each offense.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

February 21, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]The jury also convicted appellant of fleeing to elude
detention; however, appellant does not appeal from that conviction.