BRADY COUCH, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 217, 2007.
Supreme Court of Delaware.
Submitted: January 11, 2008.
Decided: February 14, 2008.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 14th day of February 2008, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Brady Couch, filed an appeal from the Superior Court's March 30, 2007 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we AFFIRM.
(2) In 2001, Couch was indicted on two counts of Robbery in the First Degree. Shortly before trial in July 2002, the State dismissed one of the counts in exchange for Couch's waiver of his right to a trial by jury. After his bench trial, Couch was found guilty of first-degree robbery and was sentenced, as a habitual offender, to 20 years of Level V imprisonment. This Court affirmed Couch's conviction and sentence on direct appeal.[1]
(3) In this appeal from the Superior Court's denial of his postconviction motion, Couch claims that a) the fingerprint evidence introduced at trial did not comport with accepted standards and his attorney provided ineffective assistance by failing to counter that evidence with a defense expert; and b) his waiver of his right to a jury trial was involuntary due to his counsel's ineffective assistance.
(4) A postconviction motion must first meet the procedural requirements of Rule 61 before the Superior Court may consider the substantive issues raised.[2] Because Couch's first two claims were not raised in his direct appeal, they are procedurally defaulted.[3] The procedural default may be overcome by demonstrating cause and prejudice[4] or by demonstrating the existence of a colorable claim of a miscarriage of justice as the result of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.[5]
(5) In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that, but for his counsel's professional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[6] The defendant must make concrete allegations of actual prejudice, and substantiate them, or risk summary dismissal.[7]
(6) Couch first argues that the fingerprint evidence introduced at trial did not comport with accepted standards in that the State's expert testified that he was "one hundred percent certain" the fingerprints recovered from the crime scene belonged to Couch and also failed to consider enough "points" of comparison to make a reliable match between Couch's fingerprints and those found at the crime scene.
(7) Couch attempts to overcome the procedural bar by arguing that his counsel provided ineffective assistance by failing to present a defense expert. However, Couch's arguments do not demonstrate that, but for his counsel's alleged error, he would have been acquitted. As noted by the Superior Court, the State also had strong eyewitness testimony to support Couch's conviction. As such, the Superior Court correctly found Couch's first claim to be procedurally defaulted.
(8) Couch's second claim is that his waiver of his right to a jury trial was involuntary due to the ineffective assistance of his counsel. Couch argues that his counsel knew that the evidence on the robbery charges was weak and that, had he gone to a jury trial, he would not have been convicted.
(9) The transcript of the colloquy on Couch's waiver of a jury trial reflects that he initially stated that the State was being "vindictive" in not agreeing to drop both robbery charges. Couch also stated that he was agreeing to a bench trial "reluctantly." The Superior Court judge responded that the waiver of a jury trial had to be given affirmatively and voluntarily or it would not be accepted. After being given ample opportunity to change his mind and opt for a jury trial, Couch twice stated that he wanted a bench trial.
(10) While Couch contends that he would have been acquitted of both robbery charges had his trial been before a jury, there is no evidence to support that contention. Couch has not demonstrated that, but for error on the part of his counsel, he would not have been convicted. As such, the Superior Court correctly found that this claim, too, was procedurally barred.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Couch v. State, Del. Supr., No. 585, 2002, Steele, J. (May 7, 2003).
[2] Flamer v. State, 585 A.2d 736, 745 (Del. 1990).
[3] Super. Ct. Crim. R. 61(i) (3).
[4] Super. Ct. Crim. R. 61(i) (3) (A) and (B).
[5] Super. Ct. Crim. R. 61(i) (5).
[6] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
[7] Younger v. State, 580 A.2d 552, 556 (Del. 1990).