IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 21 2015

Abel Acosta, Clerk

NO. WR-81,779-01

EX PARTE ROYCE GENE SWIM, Applicant

APPLICANT'S RELATED OBJECTIONS CONCERNING

LIVE EVIDENTIARY HEARING

ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NO. CR15428-A IN THE 271st DISTRICT COURT

FROM WISE COUNTY

Applicant's Address:

Royce Gene Swim
TDCJ #1700522
Price Daniel Unit
938 South FM 1673
Snyder, Texas 79549

Counsel's Address:

BillRay, Attorney
512 Main St., Suite 308
Ft. Worth, Texas 76102

OBJECTION #1: Competent Counsel On Appeal (Habeas)

Applicant contends he did not receive competent habeas counsel at the Live Evidentiary Hearing. The appointed habeas counsel, Mr. Bill Ray (hereinafter referred to as habeas counsel), appeared indifferent to Applicant's claim of innocence and therefore acted incompetently in failing to develop from the record (and other sources) pertinent testimony, material facts and other evidence in support of Applicant's claim of innocence. While Applicant concedes that he is not entitled to effective assistance of counsel on habeas corpus appeal, Applicant asserts that he is entitled to "competent counsel", where such competent counsel would competently prepare for the habeas evidentiary hearing to assure that the Applicant receives a full and fair hearing.

At Applicant's Live Evidentiary Hearing, habeas counsel was unprepared in that he did not take steps to procur evidence from the record, collaborating testimony, demeanor evidence, and other material facts to demonstrate to the hearing Judge that there does exists previous inconsistent statements from the victim that would in fact support Applicant's claim of innocence in light of the victim's present recantation.

Moreover, in his duty to prepare for the evidentiary hearing, habeas counsel was unprepared in that he did not utilize a criminal defense investigator. As a result, evidence that is crucial to Applicant's claim of innocence was not fully developed by habeas counsel. For example, habeas counsel could have, but

did not, subpoena or call to the stand supporting witnesses to introduce additional testimony and material facts that adequately support Applicant's claim of innocence. One such witness that could have been subpoenaed, among others, is the Notary Public with whom the victim recanted under oath. The Notary Public can in fact offer demeanor evidence as to the credibility of the victim's recantation. In this light, demeanor evidence is a significant factor in adjudging credibility. And questions of credibility, of course, are basic to resolution in conflicts of testimony (see Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)).

Also, counsel could have called to the stand the victim's mother, Kimberly Swim, in order to introduce or procur any credible testimony and evidence as to the evolution of the recantation, the spirit of the recantation, the penitent nature of the recantation, including the demeanor evidence that would be consitent with the truth and sincerity of the victim's recantation. And to build upon these material facts, habeas counsel could have subpoenaed other persons who participated in the initial investigation, including medical examinations, so that counsel could have garnered further testimony to show where the complaintant/victim had previously made questionable and inconsistent statements which would now shed a different view in light of the current recantaiton by the victim.

Incidently, the lack of competence displayed by the habeas counsel deprived the Applicant of a full and fair habeas evidentiary hearing. In appearing indifferent to Applicant's claim of innocence, according to the victim's mother, Kimberly

Swim, it was reported that the habeas counsel was quoted as saying: "The State is locking up innocent people and there is nothing we can do about it." If the State (in Wise County) is in fact locking up innocent people, a competently prepared habeas counsel should ensure that the Applicant receives a full and fair Evidentiary Hearing by the display of supporting witnesses and material facts relevant to the Applicant's claim of innocence. Applicant must be given the opportunity to present testimonial and documentary evidence relevant to the disputed issues (see Townsend, supra).

OBJECTION #2: The Right to Confront the Witness

The Applicant argues that the habeas Judge at the Live Evidentiary Hearing should not have allowed the complaintant (victim) to leave the stand without first ascertaining whether the complaintant did in fact sign the recantation under oath. Per the Order for the Evidentiary Hearing issued by the Court of Criminal Appeals, it was duly mandated in the Order that the "complaintant shall be called to testify". While the complaintant did appear at the habeas hearing and took the stand, the complaintant invoked her Fifth Amendment right not to testify. Applicant contends that, because the victim did sign a recantation statement under oath, waiver of the privilege should be inferred from the witness when the witness's prior statements have created a significant likelihood that the finder of fact will be left with a distorted view of the truth (see Rodriguez v. State, 903 S.W.2d 405 - Tex.App. - Texarkana 1995). The habeas Judge should have compelled the victim to

answer questions relevant to the recantation statement she signed under oath.

OBJECTION #3: The Merits of the Factual Dispute

The merits of the factual dispute were not resolved at the state habeas hearing. Because habeas counsel was indifferent to Applicant's claim of innocence, and because habeas counsel did not engage a competent full and fair habeas hearing, the merits of the factual dispute of Applicant's innocence versus the victim's recantation remains unresolved. Because the Applicant was deprived of his right to confront the complaintant/victim witness at the habeas evidentiary hearing, the merits of the factual dispute of the victim's recantation remains unresolved. Applicant is entitled to a full and fair hearing to resolve said issues.

OBJECTION #4: Other Objections to the Findings of Fact and Conclusions of Law

While the Applicant has received notice from the clerk of the Court of Criminal Appeals indicating that they have received the supplemental clerk's record, Applicant has not received any copy of any material from the district court on any informaiton that has since been sent to the Court of Criminal Appeals. If any Findings of Fact and Conclusions of Law have since been issued by the district court and sent to the Court of Criminal Appeals, Applicant has not received and such copy as of this date (April 13, 2015). Whereas, Applicant has not had the opportunity to review the district court's Findings of Fact and Conclusions of Law to appropriately and timely make

his objections to the said Findings of Fact and Conclusions of Law. With the habeas counsel (Mr. Bill Ray) remaining indifferent to Applicant's claim of innocence, Applicant is concerned that the lack of communication between habeas counsel and himself will deprive the Applicant of the opportunity to submit other relevant objections to the Findings of Fact and Conclusions of Law.

WHEREAS, Applicant prays the Court of Criminal Appeals REMAND this case back to the district court to afford the Applicant a full fair Live Evidentiary Hearing, that the district Court appoint Applicant with COMPETENT COUNSEL to represent the Applicant, and that, in the alternative, that an extention be granted to afford the Applicant the opportunity to submit other objections to the Findings of Fact and Conclusions of Law, with an Order to the District Court to provide the Applicant with a copy of any and all findings, conclusions and records produced from the Live Evidentiary Hearing. Said records can be loaned to the Applicant for review through the Price Daniel Unit Law Library Supervisor who can temporarily retain custody of the records.

Respectfully Submitted,

Royce Gene Swim
TDCJ #1700522 - Daniel Unit
938 South FM 1673
Snyder, Texas 79549

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing APPLICANT'S RELATED OBJECTIONS CONCERNING LIVE EVIDENTIARY HEARING has been mailed to the District Attorney in care of the District Clerk of Wise County at: Wise County District Clerk, P.O. Box 308, Decature, Texas 76234 on this 14th day of April, 2015.

Royce Gene Swim
TDCJ #1700522
Price Daniel Unit
938 South FM 1673
Snyder, Texas 79549

STATE OF TEXAS

COUNTY OF SCURRY

### UNSWORN DECLARATION

The following instrument is made pursuant to federal law, 28 U.S.C.A. § 1746 and State law, V.T.C.A. Civil Practice and Remedies Code § 132.001 - 132.003:

I, Royce Gene Swim, TDCJ-ID No. #1700522, being presently incarcerated in the Texas Department of Criminal Justice - Institutional Division, at the Price Daniel Unit, Scurry County, Texas, declare under penalty of perjury that the above and foregoing APPLICANT'S RELATED OBJECTIONS CONCERNING LIVE EVIDENTIARY HEARING is true and correct.

Executed on this 14th day of April, 2015.

Royce Gene Swim
TDCJ #1700522
Price Daniel Unit
938 South FM 1673
Snyder, Texas 79549