# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | I.D. No. 1605012921A |
| | ) | |
| DIAMONTE TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: August 23, 2019
Decided: November 26, 2019

*Upon Consideration of Defendant's Motion for New Trial,*
**DENIED.**

Matthew Frawley, Esquire, and Mark Denney, Esquire, Deputy Attorneys General, Department of Justice, Wilmington, Delaware. *Attorneys for the State.*

John A. Barber, Esquire, of The Law Office of John A. Barber, Wilmington, Delaware and Benjamin S. Gifford, IV, Esquire of The Law Offices of Benjamin S. Gifford, IV, *Attorneys for the Defendant.*

**MEDINILLA, J.**

1

**AND NOW TO WIT**, this 26th day of November 2019, upon consideration of the Defendant Diamonte Taylor's ("Defendant") Motion for New Trial, the State's Response in Opposition, Defendant's Reply, the parties' positions at oral argument, and the record in this case, **IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED** for the following reasons:

1.     On August 15, 2016, Defendant Diamonte Taylor ("Defendant") was indicted for charges of Murder in the First Degree, Gang Participation, Conspiracy in the First Degree, and multiple other violent felonies.[1]

2.     On February 28, 2018, Defendant filed several Motions in *Limine* ("MIL") seeking to exclude evidence. One MIL sought to exclude the introduction of expert testimony and any accompanying reports related to ballistic evidence. In particular, Defendant sought to exclude the report and testimony of the State's ballistic evidence expert witnesses, Stephen M. Deady ("Deady"),[2] as well as any evidence handled by Carl Rone ("Rone"),[3] the former ballistic evidence expert,

---

[1] Defendant's Motion for New Trial, *State of Delaware v. Diamonte Taylor*, Crim Id. No. 1605012921A, D.I. 98 (Aug. 2, 2019) at ¶ 11 [hereinafter "Def.'s Mot."].

[2] Stephen Deady is a firearm and toolmark examiner. He is a member of the Association of Firearm and Toolmark Examiners, the American Academy of Forensic Science, the New Jersey Association of Forensic Scientists, and the International Association of Identification. *See* Def.'s Mot, Exhibit B at 253:15-256:5. Deady has testified regarding ballistics analysis, including review and expert analysis, for defense and prosecution in the states of New Jersey, New York, Pennsylvania, and Delaware. *See id.*

[3] Carl Rone was a ballistics expert and firearms examiner for the Delaware State Police Forensic Firearms Services Unit. Rone was initially expected to be called as a ballistic expert by the State in Defendant's case. The State notified Defendant and the Criminal Defense Bar that it would not call Rone as an expert witness until more information became available. The State presented

2

based on Rone's recent suspension from the Delaware State Police Forensic Firearms Unit, where Defendant was unaware of the reason of said suspension.[4] The State confirmed Rone was no longer expected to testify and that another expert had been retained for trial. This Court denied Defendant's motion.[5]

3. Trial began on March 19, 2018.[6] The State introduced substantial evidence[7] including approximately forty witnesses that included law enforcement as well as lay and expert witnesses.[8] Defendant had the opportunity to challenge witness credibility and chain of custody through cross-examination. This included the ability to challenge the collection, transportation, and security of the recovered

---

that Rone was suspended. *See* Def.'s Mot at ¶¶ 2-3; *see also* State's Response to Motion for New Trial, *State of Delaware v. Diamonte Taylor*, Crim Id. No. 1605012921A, D.I. 99 (Aug. 8, 2019) at ¶¶ 1-2 [hereinafter "State's Resp."].

[4] *Id.* at ¶ 2.

[5] Def.'s Mot. at ¶ 3 (citing to Defendant's Exhibit A at 38-39) (The Court stated that chain of custody issues could be raised again at trial, if warranted.); *see* Motion in Limine Filed – Denied at Office Conference, *State of Delaware v. Diamonte Taylor*, Crim Id. No. 1605012921A, D.I. 66 (Del. Super. Feb. 28, 2018).

[6] Def.'s Mot. at ¶ 4.

[7] The evidence included social media of Defendant's gang affiliation, circumstantial evidence of Defendant's involvement in the alleged shooting, ownership by Defendant of a black handgun, ownership by Defendant of clothing identical to that of suspect pictured in surveillance video; cell phone evidence presenting text messages from Defendant related to him "bod[ying] a man;" photograph evidence depicting Defendant with a nine millimeter gun; co-defendant testimony indicating Defendant's involvement and motive for the indicted crimes; identification of Defendant via surveillance video footage at times during the commission of indicted crimes; identification of Defendant by an independent eye witness; and evidence of Defendant's fingerprints located on the vehicle involved in the commission of a crime. *See* Oral Argument for the Motion for a New Trial, *State of Delaware v. Diamonte Taylor*, Crim Id. No. 1605012921A, D.I. 102 (Del. Super. Aug. 23, 2019) [hereinafter "Oral Argument"].

[8] Including the testimony of Detectives William Gearhart and Hugh Stephey, and Cpl. Henry Law to corroborate ballistics evidence presented by Deady. *See* Letter from the State, Copy of Transcript of Testimony Relating to Ballistic Evidence Collection at Trial, *State of Delaware v. Diamonte Taylor*, Crim Id. No. 1605012921A, D.I. 103 (Aug. 21, 2019).

ballistic evidence, including Rone's involvement in these processes.[9] Without taking these steps, Defendant objected to the admission of the expert opinion of Deady into evidence,[10] on grounds that the State had failed to establish a sufficient chain of custody[11] of the ballistic evidence.[12] The Court overruled Defendant's objection and was satisfied that the State had met its burden of establishing chain of custody. There was no reasonable probability that tampering had occurred and any alleged break would go toward the weight of the evidence, rather than its admissibility.[13]

---

[9] *State v. McNair*, No. 1212003086A, 2016 WL 424999, at *2 (Del. Super. Ct. Feb. 1, 2016) (denying motion for new trial where defense argued insufficient establishment of chain of custody, noting that "[a]ny discrepancy in that chain [of custody] was made clear to the jury, both through cross-examination and closing arguments. The jury was aware that there was a two-day gap between the day the drugs were delivered to the lab by the police and when they were first recorded in the OCME chain of custody system. Further, the fact that the chemist who put the prepared vials into the testing machine was also not listed was clearly presented to the jury. When considered in total, this is not a case where significant breaks in the chains were unknown to the jury. It appears these issues were fully explored and would have been available to the jury as they assessed the credibility of the relevant witnesses and considered their verdict.")

[10] Def.'s Mot. at ¶ 5.

[11] Admission of evidence can withstand a chain of custody objection where there is no reasonable probability that the evidence offered has been "misidentified and no tampering or adulteration has occurred." *Brown v. State*, 117 A.3d 568, 579 (Del. 2015) (citing *Word v. State*, 2001 WL 762854, *3 (Del. June 19, 2001); *McNally v. State*, 980 A.2d 364, 371 (Del.2009) ("In chain of custody issues, the party attempting to admit the evidence must eliminate possibilities of misidentification and adulteration, 'not absolutely, but as a matter of reasonable probability.' ") (quoting *Tricoche v. State*, 525 A.2d 151, 153 (Del.1987))).

[12] Def.'s Mot. at ¶ 5.

[13] *See State v. Pierce*, 2018 WL 4771787, at *3 (Del. Super. Ct. Oct. 1, 2018) (citing *Demby v. State*, 945 A2d 593, 2008 WL 534273, at *2. (Del. Feb. 28, 2008) (TABLE)) ("If the State meets this standard, then any breaks in the chain of custody or other impeaching factors go to the weight to be assigned the evidence by the trier of fact.").

4.     On April 4, 2018, the jury returned guilty verdicts of Murder in the First Degree, Gang Participation, two counts of Reckless Endangerment, Possession of a Firearm during the Commission of a Felony, two counts of Aggravated Menacing, and Assault in the First Degree.[14] On August 23, 2019, Defendant was scheduled for sentencing.

5.     On August 2, 2019, Defendant filed this Motion for New Trial under Superior Court Rule of Criminal Procedure 33 and *Brady v. Maryland.*[15] The Court postponed the sentencing date and both sides presented oral arguments on August 23, 2019 instead.[16]

6.     Under Rule 33,[17] a motion for new trial based on newly discovered evidence may be made only before or within two years after final judgment.[18] Defendant's timely motion is considered in the interest of justice,[19] and is addressed to the sound discretion of the court.[20] To grant a motion for new trial on the basis of new evidence, such evidence must meet the following three criteria:

---

[14] Jury Trial Held before Judge Medinilla, *State of Delaware v. Diamonte Taylor*, Crim Id. No. 1605012921A, D.I. 77 (Del. Super. April 4, 2019); *see* Def.'s Mot. at ¶ 8; *see also* State's Resp. at ¶ 1.

[15] 373 U.S. 83 (1963).

[16] *See* Oral Argument.

[17] *See* DEL. SUPER. CT. CRIM. R. 33.

[18] *See id.*

[19] *See id.* ("The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice . . . . A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment . . . . A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.").

[20] *State v. Matthews*, 2018 WL 6498694, at *4 (Del. Super. Ct. Dec. 10, 2018) (citing *Johnson v.*

(1) The new evidence must be of such a nature that it would have probably changed the result if presented to the jury; (2) The evidence must have been newly discovered; *i.e.,* it must have been discovered since trial, and the circumstances must be such as to indicate that it could not have been discovered before trial with due diligence; and (3) The evidence must not be merely cumulative or impeaching.[21]

The Court will not grant a defendant's motion for new trial "unless he can satisfy all of the requirements for a new trial based on newly discovered or available evidence."[22] Generally "[a]pplications for new trial because of new evidence are not favored and are subject to the closest scrutiny."[23]

7.     Defendant asserts that the newly discovered evidence of Rone's misconduct[24] was of such a nature that it would have probably changed the result of the trial had he been able to present this evidence to the jury.  He relies on *Fowler v. State*,[25] to argue that: (1) Rone's wrongful conduct could have created an opportunity

---

*State*, 628 A.2d 83, 1993 WL 245374, at *1 (Del. June 22, 1993) (TABLE); *Hutchins v. State*, 153 A.2d 204, 206 (Del. 1959)).

[21] *Lloyd v. State*, 534 A.2d 1262, 1267 (Del. 1987).

[22] *Id.* (citing *Wilson v. State*, Tex. App., 633 S.W.2d 351 (1982)).

[23] *Mendez v. Residential Constr. Servs. LLC*, No. CV N10C-03-204 WCC, 2014 WL 957441, at *2 (Del. Super. Ct. Feb. 19, 2014) (quoting *Tarbutton v. Norby*, 1999 WL 33117216, at *2 (Del. Super. Jan. 13, 1999)).

[24] *See* Def.'s Motion at ¶¶ 2, 9-12 (Rone was formally charged with: (1) Theft by False Pretenses Over $1,500.00; and (2) Falsifying Business Records to Make or Cause False Entry).

[25] *Fowler v. State*, 194 A.3d 16, 27 (Del. 2018) (holding the State's failure to provide *Jencks* statements was not harmless error, where Rone acted as an expert at trial and where issues regarding his credibility would have affected the presentation of evidence).

to tamper with ballistic evidence; (2) that the disclosure of such information would have resulted in the State's inability to meet its burden of establishing a chain of custody as to this evidence; and (3) that the State's failure to meet its burden would have favored the Defendant where the ballistic evidence would have never reached the jury. Defendant's argument takes several leaps of faith that lack merit.

8.     First, Defendant fails to establish the first prong of the analysis. Defendant had the opportunity through cross-examination to present the jury with doubt surrounding the State's ballistic evidence, challenge the credibility of the expert witness, and question chain of custody regarding Rone's involvement in the handling of evidence. Defendant did not identify nor highlight any discrepancy in chain of custody, through cross-examination or closing arguments.[26]

9.     Furthermore, the Court identifies logical inconsistencies in Defendant's theory. Defendant contends that where Rone was purposefully missing work and falsifying timesheets so as to cover such absence, that he was also making efforts to manufacture evidence so as to falsify ballistic reports to conform with State findings. Following Defendant's theory, if Rone was submitting time sheets for work he did not do, then the first person to test the evidence was the expert that testified at Defendant's trial.[27] There is no evidence to support this theory. Even though the

---

[26] *State v. McNair*, No. 1212003086A, 2016 WL 424999, at *2 (Del. Super. Ct. Feb. 1, 2016).
[27] Following this logic, Deady's "retesting" of ballistic evidence, would be the first round of true testing. Under this assumption, Rone's involvement would be meaningless and irrelevant to

full extent of Rone's misconduct was not known to the Court at the time of trial, the detail of his wrongdoing would *not* change the Court's decision. It remains now as was then that there is no reasonable probability that the information offered indicates that any ballistic evidence has been misidentified, tampered with, or adulterated.[28]

10. As in *State v. McNair*, this Court acknowledges the controversy surrounding Rone's misconduct. However, the controversy and misconduct alone does not demand a new trial. The Court finds that Defendant's speculations have no factual support. Where Defendant fails to establish that the newly discovered evidence would have probably changed the result of Defendant's trial if presented to the jury, he has failed to establish *all* of the requirements for a new trial based on newly discovered evidence.[29] For these reasons, the Court finds that Defendant is not entitled to a new trial.

11. Defendant next argues that a violation under *Brady v. Maryland*[30] entitles him to a new trial.[31] "A *Brady* violation[32] occurs where the State fails to

---

establishing sufficient chain of custody.

[28] *See generally State v. Pierce*, 2018 WL 4771787 (Del. Super. Ct. Oct. 1, 2018) (denying defendant's Motion in *Limine*, finding that Rone's falsification of business records, submitted with the intent of seeking extra pay that was not earned, was not akin to falsifying evidence logs and testing documentation when handling evidence).

[29] *Lloyd v. State*, 534 A.2d 1262, 1267 (Del. 1987) (citing *Wilson v. State*, Tex. App., 633 S.W.2d 351 (1982)).

[30] *See id.*

[31] "[T]he State must disclose to the defense evidence that is favorable to the defendant, either because it is exculpatory or because it is impeaching." *State v. Wilson*, 2019 WL 3064052, at *1 (Del. Super. Ct. July 11, 2019) (citing *Cooper v. State*, 992 A.2d 1236, 2010 WL 1451486, at *2 (Del. Apr. 12, 2010) (TABLE)).

[32] A *Brady* violation exists when: "(1) evidence exists that is favorable to the accused, because it

8

disclose material evidence that is favorable to the accused, because it is either exculpatory or impeaching, causing prejudice to the defendant."[33]  To meet this requirement, the State "must disclose all relevant information obtained by the police or others in the Attorney General's Office to the defense."[34]  The Court will grant defendant's motion for new trial, if it finds the information in question to be material in determining defendant's guilt, and where failure to provide said information "undermined confidence in the outcome of the trial."[35]

12.  Defendant argues that: (1) evidence of Rone's misconduct is impeaching, (2) the State suppressed said evidence prior to trial, and (3) the State's suppression of said evidence has prejudiced Defendant.[36]  This Court disagrees.

13.  First, the State did not withhold information.  The State provided information related to Rone's suspension when it became available to the prosecution.[37]  As soon as it learned of Rone's suspension, it immediately decided not to call him as a witness.  Had Rone been called, then the evidence would have

---

is either exculpatory or impeaching; (2) that evidence is suppressed by the State; and (3) its suppression prejudices the defendant." *Wright v. State*, 91 A.3d 972, 977 (Del. 2014).

[33] *Id.*

[34] *Id.* at 988 (citing *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995); *Giglio v. United States*, 405 U.S. 150, 154 (1972) (citing Restatement (Second) of Agency § 272 (1958))) ("That entails a duty on the part of the individual prosecutor "to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.").

[35] *State v. Scott*, 2018 WL 824207, at *1 (Del. Super. Ct. Feb. 12, 2018) (citing *Atkinson v. State*, 778 A.2d 1058, 1063 (Del. 2001)).

[36] *See* Def.'s Mot. at ¶¶ 48-62.

[37] In Defendant's Motion, he expressed that prior to February 28, 2019, Defendant was made aware of Rone's "recent suspension from the Delaware State Police," indicating that information was made available to Defendant prior to trial. Def.'s Mot. at ¶¶ 2-3.

been used by Defendant for impeachment purposes. Yet he was not called and Defendant fails to show what information was withheld.

14. Second, Defendant fails to demonstrate how the failure to disclose this information prejudiced him. For the reasons stated, even if information of Rone's misconduct had been provided to the Court, this Court would have ruled the same as to the admissibility of Rone's misconduct and/or chain of custody. It would have denied Defendant's objections all the same where the State satisfied its burden in establishing chain of evidence per the standard and reasoning provided in *Pierce*.[38]

15. For these reasons, the Court finds that Defendant is not entitled to a new trial under Rule 33 or under *Brady v. Maryland*. **IT IS SO ORDERED** that Defendant's Motion for New Trial is **DENIED**.

Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
Department of Justice
Investigative Services

---

[38] *State v. Pierce*, 2018 WL 4771787, at *5 (Del. Super. Ct. Oct. 1, 2018) (denying defendant's Motion in *Limine*, where the defendant argued that the State failed to establish chain of custody in relation to the involvement of Carl Rone, finding that the State met its burden by showing more likely than not that the subject casing analyzed by Mr. Deady was the casing recovered from the homicide scene in 2009).